IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA

KASSANDRA BLISSETT,

Petitioner,

vs.

CITY OF DEBARY,
LEO DANIEL PARROTT, an individual,

Respondents.

_____/

Case No.: 2015-11753-CIDL
Division:

## SECOND AMENDED COMPLAINT

Petitioner, KASSANDRA BLISSETT (hereinafter "BLISSETT"), hereby files the instant *Second Amended Complaint* and sues Respondents, CITY OF DEBARY (hereinafter "DEBARY") and Leo Daniel Parrott (hereinafter, "PARROTT"), in his individual capacity, and in support thereof states:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000), exclusive of interests, costs, and attorney's fees.

2. This is an action against DEBARY for violations of Florida's Public Records Act under Article I, Section 24(a), Constitution of Florida, and to enforce the public right of protection of certain records which are not considered public pursuant to Section 119.01, *et seq.*, Florida Statutes, and Section 760.11, Florida Statutes.

3. This is an action against DEBARY for invasion of privacy in tort.

4. This action arises under the Fourth Amendment to the United States Constitution and pursuant to 42 U.S.C. §1983. This Court has jurisdiction to adjudicate claims arising under

Exhibit "A"

the federal law pursuant to 42 U.S.C. §1988 and *W.R. ex rel. Doe v. School Bd. Of Osceola County, Florida*, 726 So.2d 801, 803 (Fla. 5th DCA 1999)(citing *Claflin v. Houseman*, 23 L.Ed. 833 (U.S. 1876)); *Town of Lake Clarke Shores v. Page*, 569 So.2d 1256 (Fla. 1990).

5.    This is an action against PARROTT for Malicious Publication of Public Records, Defamation and violation of BLISSETT's Fourth Amendment right.

6.    Petitioner BLISSETT seeks, *inter alia*, a declaration that DEBARY is subject to and violated Florida's Public Records Act, specifically Section 119.0713, Florida Statutes.

7.    Petitioner BLISSETT requests that this Court expedite consideration of this cause pursuant to Section 119.11(1), Florida Statutes, which states: "[w]henever an action is filed to enforce the provisions of this chapter, the court shall set an immediate hearing, giving the cause priority over other pending cases."

8.    This Court has jurisdiction pursuant to Article V, Section 5, Constitution of Florida; Fla. R. Civ. P. 1.630; Sections 26.012, 86.011 and 119.11, Florida Statutes, and 42 U.S.C. §1988.

9.    Venue is appropriate in this Court pursuant to Section 47.011, Florida Statutes, as both Petitioner and Respondent are located in Volusia County, and the cause of action arises in Volusia County.

## PARTIES

10.    Petitioner, BLISSETT, is a resident of the state of Florida and presently resides in Volusia County, Florida.

11.    Respondent, DEBARY, is a duly incorporated municipality existing and operating pursuant to the laws of the State of Florida and within Volusia County, Florida and is an "agency" as that term is defined in Chapter 119, Florida Statutes.

12.    Defendant, LEO DANIEL PARROTT (hereinafter "PARROTT"), is the City Manager for DEBARY, and is a resident of Volusia County.

13.    Section 119.011(2), Florida Statutes, defines "agency" as: [A]ny state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law including, for the purposes of this chapter, the Commission of Ethics, the Public Service Commission, and the Office of Public Counsel, and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.

14.    Respondent, DEBARY, is a custodian of agency public records as defined in 119.011(5), Florida Statutes, and subject to the Florida Public Records Act, Chapter 119, Florida Statutes.

## FACTS

15.    Petitioner BLISSETT has been employed by local governments for in excess of seventeen (17) years.  Prior to her employment with DEBARY, Petitioner BLISSETT was employed by other municipalities in, among other positions, the capacities of Assistant Manager and Manager.

16.    During the five (5) years preceding her wrongful termination on or about March 9, 2015, Petitioner BLISSETT was employed by DEBARY as Interim City Manager and Assistant City Manager.

17.    On or about March 6, 2015, three (3) days prior to her wrongful termination, Petitioner BLISSETT filed a Complaint against DEBARY alleging discrimination with the EEOC and Florida Commission on Human Relations (hereinafter, "EEOC Complaint"). PARROTT is the focus of the EEOC Complaint.

18.    It is well established that active investigations of discrimination are exempt from disclosure

under Florida Public Records law.  Specifically, Section 119.0713(1), Florida Statutes,

provides, in pertinent part, that:

> All complaints and other records in the custody of any unit of local
> government which relate to a **complaint of discrimination** relating
> to race, color, religion, sex, national origin, age, handicap, marital
> status, sale or rental of housing, the provision of brokerage services,
> or the financial housing **are exempt** from s. 119.07(1) and s. 24(a),
> Art. I of the State Constitution **until a finding is made** relating to
> probable cause, the investigation of the complaint becomes inactive,
> or the complaint or other record is made part of the official record
> of any hearing or court proceeding. (emphasis added).

19.    Further, Section 760.11(12), Florida Statutes, provides, in pertinent part, that:

> All complaints filed with the commission and all records and
> documents in the custody of the commission, which relate to and
> identify a particular person, including, but not limited to, a
> complainant, employer, …shall be **confidential** and shall not be
> disclosed by the commission.

20.    Section 119.071(2)(k), Florida Statutes, provides, in pertinent part, that:

> A complaint of misconduct filed with an agency against an agency
> employee and all information obtained pursuant to an investigation
> by the agency of the complaint of misconduct is confidential and
> exempt from section 119.07(1) and s. 24(a), Art. I of the State
> Constitution until the investigation ceases to be active, or until the
> agency provides written notice to the employee who is the subject
> of the complaint, either personally or by mail, that the agency has
> either:
> a.  Concluded the investigation with a finding not to proceed with
>     disciplinary action or file charges; or
> b.  Concluded the investigation with a finding to proceed with
>     disciplinary action or file charges.

21.    Section 119.01(2)(a), Florida Statutes, provides, in pertinent part, that:

> [E]ach agency…must ensure that exempt or confidential records are
> not disclosed except as otherwise permitted by law.

22. On or about March 17, 2015, DEBARY provided Mark Harper, a News Journal reporter, a copy of BLISSETT's EEOC Complaint. (See attached email as Exhibit "A")

23. Petitioner BLISSETT's EEOC Complaint was under active investigation designating it exempt and confidential when DEBARY provided BLISSETT's EEOC Complaint to Mr. Harper.

24. DEBARY providing Mr. Harper with Petitioner BLISSETT's EEOC Complaint is a violation of Sections 119.01(2)(a), 119.0713(1), 119.07(2)(k), and 760.11 of the Florida Statutes.

25. Section 119.07(2)(b), Florida Statutes, provides, in pertinent parts:

> The custodian of public records shall provide **safeguards** …to prevent the disclosure or modification of those portions of public records which are exempt or confidential from subsection (1) or s. 24, Art. I of the State Constitution.

26. DEBARY failed to provide proper safeguards to prevent the improper and illegal release of BLISSETT's EEOC Complaint to the public.

27. DEBARY's improper release of BLISSETT's EEOC Complaint had its intended effect, to wit: BLISSETT's EEOC Complaint is specifically referenced in News Journal articles published, including but not limited to, on March 17, 2015, March 18, 2015, March 30, 2015, April 1, 2015, April 21, 2015, May 7, 2015, July 3, 2015, September 2, 2015, and September 17, 2015 and implied in articles on July 25, 2015 and August 7, 2015. (See attached articles as Composite Exhibit "B").

28. Alternatively, PARROTT maliciously provided Mr. Harper with BLISSETT's EEOC Complaint to tarnish BLISSETT's reputation and without any pending public records request or consent.

5

29. In addition, DEBARY unreasonably searched and seized BLISSETT's email account containing her personal and confidential emails.

30. DEBARY released BLISSETT's personal and confidential emails to Mr. Harper without properly redacting or deleting personal and confidential information.

31. PARROTT was aware BLISSETT previously dated, more than 5 years prior in 2010, an employee of Volusia County, Florida.

32. In furtherance of its efforts to tarnish BLISSETT's reputation, PARROTT maliciously located the personal and confidential emails between BLISSETT and her then-boyfriend. It stands to reason that these emails are private, confidential and share intimate details which a prudent person would not want disclosed to the general public.

33. PARROTT maliciously suggested Mr. Harper request the aforementioned emails.

34. These emails were of a nature that any ordinary individual would be embarrassed to have disclosed to the general public and were improperly and illegally released to Mr. Harper.

35. In addition, DEBARY improperly released other personal and confidential emails that would place BLISSETT in a false light.

36. Section 119.011(1) provides, "[w]henever an action is filed to enforce the provisions of this chapter, the court shall set an immediate hearing, giving the case priority over other pending cases."

37. All conditions precedent to the institution of this action occurred or have been waived.

## COUNT I
## VIOLATION OF SECTION 119.01(2)(a), FLORIDA STATUTES
### (Improper Release of EEOC Complaint)
### (Against Respondent DEBARY)

Petitioner, BLISSETT, adopts and re-alleges Paragraphs 1 through 33 as though fully set forth herein.

38.     This is an action against Respondent, DEBARY, for violations of Florida's Public Records Act under Article I, Section 24(a), Constitution of Florida, and Sections 119.01(2) of the Florida Statutes.

39.     Petitioner, BLISSETT, filed an EEOC Complaint against DEBARY and DEBARY's City Manager, PARROTT.

40.     On or about March 6, 2015, DEBARY received a copy of BLISSETT's EEOC Complaint.

41.     Pursuant to Section 119.0713(1) of the *Florida Statutes*, an active EEOC Complaint is **exempt** and is not considered to be a public record that can be requested.

42.     Further, pursuant to Section 760.11, Florida Statutes, BLISSETT's EEOC Complaint is a **confidential** document and not subject to inspection by the public.

43.     Alternatively, pursuant to Section 119.071(2)(k), Florida Statutes, BLISSETT's EEOC Complaint is **confidential** and **exempt** from section 119.07(1) and s. 24(a), Art. I of the State Constitution while there is an active investigation.

44.     On or around March 17, 2015, DEBARY improperly and illegally released BLISSETT's EEOC Complaint to Mark Harper at the News Journal.

45.     DEBARY's release of BLISSETT's EEOC Complaint is in violation of Section 119.01(2)(a), which provides that exempt and confidential records must not be disclosed to the public except as otherwise permitted by law.

46.     Respondent, DEBARY also violated Section 760.11 when it released BLISSETT's EEOC
        Complaint to Mr. Harper.

47.     Numerous articles have been printed in the local News Journal regarding BLISSETT's
        EEOC Complaint directly causing harm to BLISSETT, including but not limited to, loss
        wages, monetary loss, business and economic loss, mental and emotional distress,
        impairment to reputation, and personal humiliation.

48.     Petitioner, BLISSETT, has suffered irreparable injury as Respondent, DEBARY, continues
        to discuss the EEOC Complaint with the public, including the media.

49.     As a result, Petitioner's, BLISSETT, ability to find comparable employment has been
        adversely impacted.

50.     Petitioner, BLISSETT, has retained the services of the undersigned counsel to represent
        her in the instant matter.

51.     Petitioner, BLISSETT, is entitled to reasonable attorney's fees, filing fees and costs
        pursuant to Section 119.12, Florida Statutes, for pursuing this instant civil action to enforce
        the public records laws.

WHEREFORE, Petitioner, BLISSETT, respectfully requests the following relief:

    A. Grant this matter expedited consideration pursuant to Section 119.11(1), Florida
       Statutes;

    B. For a Declaration that Respondent, DEBARY, has violated Petitioner BLISSETT's
       rights under Sections 119.01(2)(a) by releasing and discussing her EEOC Complaint;

    C. Award of damages arising from DEBARY's violation of Section 119.01(2)(a);

    D. Award Petitioner, BLISSETT, costs, filing fees and attorney's fees pursuant to Section
       119.12, Florida Statutes;

8

E.  For such other relief as this Court deems just and proper.

## COUNT II
## VIOLATION OF SECTION 119.07(2)(b), FLORIDA STATUTES
### (Failure to Provide Safeguards to Prevent the Release of EEOC Complaint)
### (Against Respondent DEBARY)

Petitioner, BLISSETT, adopts and re-alleges Paragraphs 1 through 33 as though fully set forth herein.

52.    This is an action against Respondent, DEBARY, for violations of Florida's Public Records Act under Article I, Section 24(a), Constitution of Florida, and Section 119.07(2)(b) of the Florida Statutes.

53.    Petitioner, BLISSETT, filed an EEOC Complaint against DEBARY and DEBARY's City Manager, PARROTT.

54.    On or about March 6, 2015, DEBARY received a copy of BLISSETT's EEOC Complaint.

55.    Pursuant to Section 119.0713(1) of the *Florida Statutes*, an active EEOC Complaint is **exempt** and is not considered to be a public record that can be requested.

56.    Further, pursuant to Section 760.11, Florida Statutes, BLISSETT's EEOC Complaint is a **confidential** document and not subject to inspection by the public.

57.    Alternatively, pursuant to Section 119.071(2)(k), Florida Statutes, BLISSETT's EEOC Complaint is **confidential** and **exempt** from section 119.07(1) and s. 24(a), Art. I of the State Constitution while there is an active investigation.

58.    On or around March 17, 2015, DEBARY improperly and illegally released BLISSETT's EEOC Complaint to Mark Harper at the News Journal.

59.    Respondent, DEBARY, violated Section 119.07(2)(b) where it failed to provide safeguards to prevent the release of BLISSETT's EEOC Complaint, an exempt and confidential document, to the public.

60.   Numerous articles have been printed in the local News Journal regarding BLISSETT's EEOC Complaint directly causing harm to BLISSETT, including but not limited to, loss wages, monetary loss, business and economic loss, mental and emotional distress, impairment to reputation, and personal humiliation.

61.   Petitioner, BLISSETT, has suffered irreparable injury as Respondent, DEBARY, continues to discuss the EEOC Complaint with the public, including the media.

62.   As a result, Petitioner's, BLISSETT, ability to find comparable employment has been adversely impacted.

63.   Petitioner, BLISSETT, has retained the services of the undersigned counsel to represent her in the instant matter.

64.   Petitioner, BLISSETT, is entitled to reasonable attorney's fees, filing fees and costs pursuant to Section 119.12, Florida Statutes, for pursuing this instant civil action to enforce the public records laws.

WHEREFORE, Petitioner, BLISSETT, respectfully requests the following relief:

A.   Grant this matter expedited consideration pursuant to Section 119.11(1), Florida Statutes;

B.   For a Declaration that Respondent, DEBARY, has violated Petitioner BLISSETT's rights under Section 119.07(2)(b) by releasing and discussing her EEOC Complaint;

C.   Award of damages arising from DEBARY's violation of Sections 119.07(2)(b);

D.   Award Petitioner, BLISSETT, costs, filing fees and attorney's fees pursuant to Section 119.12, Florida Statutes;

E.   For such other relief as this Court deems just and proper.

## COUNT III
## MALICIOUS PUBLICATION OF EEOC COMPLAINT
### (Against Respondent PARROTT)

Petitioner, BLISSETT, adopts and re-alleges Paragraphs 1 through 33 as though fully set forth herein.

65.    This is an action against Respondent, DEBARY, for the malicious publication of public records as recognized by the Fifth DCA in *Williams v. City of Minneola*, 575 So.2d 683 (Fla. 5th DCA 1991) and *Borges v. City of W. Palm Beach*, 858 F. Supp. 174, 177 (S.D. Fla. 1993).

66.    Petitioner, BLISSETT, filed an EEOC Complaint against DEBARY and DEBARY's City Manager, PARROTT.

67.    On or about March 6, 2015, DEBARY received a copy of BLISSETT's EEOC Complaint.

68.    On or around March 17, 2015, PARROTT maliciously released BLISSETT's EEOC Complaint to Mark Harper at the News Journal without a proper public records request.

69.    Numerous articles have been printed in the local News Journal regarding BLISSETT's EEOC Complaint directly causing harm to BLISSETT, including but not limited to, loss wages, monetary loss, business and economic loss, mental and emotional distress, impairment to reputation, and personal humiliation.

WHEREFORE, Petitioner, BLISSETT, respectfully requests that the Court enter judgment for damages, including an award of attorneys' fees and costs, against Respondent PARROTT. Petitioner BLISSETT hereby demands a trial by jury.

## COUNT IV
### VIOLATION OF SECTIONS 119.01(2)(a), 119.07(2)(b), FLORIDA STATUTES
#### (Failure to provide safeguards to prevent disclosure of personal e-mails)
#### (Against Respondent DEBARY)

Petitioner, BLISSETT, adopts and re-alleges Paragraphs 1 through 32 as though fully set forth herein.

70.    This is an action against Respondent, DEBARY, for violations of Florida's Public Records Act under Article I, Section 24(a), Constitution of Florida, and Section 119.07(2)(b), of the Florida Statutes.

71.    DEBARY searched, seized, and released BLISSETT's emails to Mr. Harper on or about March 24, 2015.

72.    Each individual email located and released by DEBARY falls into one of three categories: 1. Public record; 2. Non-public record; and 3. Part public record and part non-public record.

73.    To the degree the emails are personal and non-public records, DEBARY improperly searched, seized and released the emails, despite the fact that the emails are non-public records under *State v. City of Clearwater*, 863 So.2d 149 (Fla. 2003).

74.    To the degree the emails are in part public record and in part non-public record, DEBARY failed to redact the non-public information contained within the email in violation of Sections 119.07(2)(b).

75.    Section 119.11(13), Florida Statutes, defines,"Redact" to mean: to conceal from a copy of an original public record, or to conceal from an electronic image that is available for public viewing, that portion of the record containing exempt or confidential information.

76.    Mr. Harper published numerous newspaper articles based on the aforementioned emails.

77.    As a result of DEBARY's actions, BLISSETT was injured causing harm to BLISSETT, including but not limited to, loss wages, monetary loss, business and economic loss, mental and emotional distress, impairment to reputation, and personal humiliation.

WHEREFORE, Petitioner, BLISSETT, respectfully requests the following relief:

A.  Grant this matter expedited consideration pursuant to Section 119.11(1), Florida Statutes;

B.  For a Declaration that Respondent, DEBARY, has violated Petitioner BLISSETT's rights under Sections 119.01(2)(a) and 119.07(2)(b) by releasing BLISSETT's personal e-mails and/or failing to redact confidential and private portions of the e-mails;

C.  Award of damages arising from DEBARY's violation of Sections 119.01(2)(a) and 119.07(2)(b);

D.  Award Petitioner, BLISSETT, costs, filing fees and attorney's fees pursuant to Section 119.12, Florida Statutes;

E.  For such other relief as this Court deems just and proper.

## COUNT V
## MALICIOUS PUBLICATION OF PUBLIC RECORDS
### (Against Respondent PARROTT)

Petitioner, BLISSETT, adopts and re-alleges Paragraphs 1 through 33 as though fully set forth herein.

78.    This is an action against Respondent, PARROTT, for the malicious publication of public records as recognized by the Fifth DCA in *Williams v. City of Minneola*, 575 So.2d 683 (Fla. 5th DCA 1991) and *Borges v. City of W. Palm Beach*, 858 F. Supp. 174, 177 (S.D. Fla. 1993).

79.      Without any public records request, PARROTT maliciously searched BLISSETT's email account to locate emails it could use to tarnish BLISSET's reputation.

80.      In the alternative, to the degree a public records request existed, PARROTT encouraged and facilitated the public records request to be made so as to use the public records law as a sword in his attempt to tarnish BLISSET's reputation.

81.      Each individual email located and released by PARROTT falls into one of three categories: 1. Public record; 2. Non-public record; and 3. Part public record and part non-public record.

82.      To the degree the emails are a public record, PARROTT maliciously searched for the emails, released and distorted the context of the emails in order to tarnish BLISSETT's good name and professional reputation in the community and encouraged Mr. Harper to publish news articles regarding the emails.

83.      To the degree the emails are private, non-public records, PARROTT maliciously searched for the emails, released the emails, despite the fact that the emails are non-public records under *State v. City of Clearwater*, 863 So.2d 149 (Fla. 2003), and encouraged Mr. Harper to publish news articles regarding the emails.

84.      To the degree the emails are in part public record and in part non-public record, PARROTT maliciously searched for the emails, released the emails, failing to redact the non-public information contained within the email, and encouraged Mr. Harper to publish news articles regarding the emails.

85.      PARROTT did all of the foregoing in order to tarnish BLISSETT's good name and professional reputation in the community.

86.      Mr. Harper published numerous newspaper articles based on the aforementioned emails.

14

87.    PARROTT's actions directly causing harm to BLISSETT, including but not limited to, loss wages, monetary loss, business and economic loss, mental and emotional distress, impairment to reputation, and personal humiliation.

WHEREFORE, Petitioner, BLISSETT, respectfully requests that the Court enter judgment for damages, including an award of attorneys' fees and costs, against Respondent PARROTT. Petitioner BLISSETT hereby demands a trial by jury.

### COUNT VI
### INVASION OF PRIVACY-TORT CLAIM
### (Against Respondent DEBARY)

Petitioner, BLISSETT, adopts and re-alleges Paragraphs 1 through 32 as though fully set forth herein.

88.    This is an action against Respondent, DEBARY, for Invasion of Privacy.

89.    Restatement (Second) of Torts § 652D (1977) states that "One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter is publicized is of the kind that (a) would be highly offensive to a reasonable person, and (b) is not a legitimate concern to the public."

90.    DEBARY searched, seized, and released BLISSETT's emails to Mr. Harper on or about March 24, 2015.

91.    Each individual email located and released by DEBARY falls into one of three categories: 1. Public record; 2. Non-public record; and 3. Part public record and part non-public record.

92.    To the degree the emails are personal and non-public records, DEBARY improperly searched, seized and released the emails, despite the fact that the emails are non-public records under *State v. City of Clearwater*, 863 So.2d 149 (Fla. 2003).

93.  To the degree the emails are in part public record and in part non-public record, DEBARY failed to redact the non-public information contained within the email in violation of Sections 119.07(2)(b).

94.  DEBARY's actions were invasive of BLISSETT's privacy, were of private facts, not of a public nature, and would be highly offensive to a reasonable person.

95.  The e-mails searched, seized, and released to Mr. Harper are not a legitimate public concern, where it involved the private life of Petitioner and events that took place more than five (5) years prior.

96.  As a result of DEBARY's actions, BLISSETT suffered injury, including but not limited to, loss wages, monetary loss, business and economic loss, mental and emotional distress, impairment to reputation, and personal humiliation.

97.  BLISSETT has complied with the notice provision pursuant to Section 768.28(6)(a), Fla. Stat. (2016).

WHEREFORE, Petitioner, BLISSETT, respectfully requests that the Court enter judgment for damages, including an award of attorneys' fees and costs, against Respondent, DEBARY. Petitioner hereby demands a trial by jury.

### COUNT VII
### DEFAMATION
### (Against Respondent PARROTT)

Petitioner, BLISSETT, adopts and re-alleges Paragraphs 1 through 32 as though fully set forth herein.

98.  This is an action against Respondent, PARROTT, for Defamation.

99.  Petitioner BLISSETT was of good name, credit and reputation and enjoyed the esteem and good opinion within the community, both personally and professionally.

16

100.  Respondent PARROTT knew of the good name, credit and reputation of BLISSETT.

101.  Respondent PARROTT desired to tarnish BLISSETT's good name and professional reputation in the community.

102.  Respondent PARROTT knew that during the time period of 2010 and 2011, BLISSETT dated the Director of Volusia County Public Works ("Director").

103.  During that time, the Director offered advice to BLISSETT as to how to save costs for the construction of a sidewalk project for DEBARY.

104.  As part of the cost savings, DEBARY hired the Director's son to work on the sidewalk project.

105.  At the time of the sidewalk project, and prior to hiring the Director's son, PARROTT was aware of the relationship amongst BLISSET, Director and Director's son.

106.  With malicious intent, PARROTT searched BLISSETT's email account to locate emails between BLISSETT and the Director regarding the sidewalk project.

107.  At the time of searching for the emails, the sidewalk project had been complete for in excess of five (5) years prior and the emails were in excess of five (5) years old.

108.  In addition, there were no complaints or other issues regarding the now half-decade old sidewalk project.

109.  However, PARROTT located emails between BLISSETT and the Director regarding the sidewalk project and released the emails to News Journal Reporter, Mark Harper.

110.  PARROTT falsely stated to Mr. Harper that he had no knowledge of the relationship between BLISSETT and the Director. In addition, PARROTT falsely stated to Mr. Harper that he had no knowledge that the son of the Director was hired to perform the sidewalk project.

111.   Respondent PARROTT knew that falsely claiming no knowledge of the relationship between BLISSETT and the Director would lead to the inference that BLISSETT offered an "insider deal" on account of her relationship with the Director

112.   Respondent PARROTT's false statements resulted in tarnishing BLISSETT's good name and reputation within the community.

113.   Predictably, Mr. Harper authored several newspaper articles, published in the Daytona Beach News Journal, regarding BLISSETT's relationship with the Director and the hiring of the Director's son for the City's sidewalk project.

114.   The aforementioned articles included the false information and defamatory statements made by PARROTT.

115.   As a result of PARROTT's defamatory statements, BLISSETT suffered injury, including but not limited to, loss wages, monetary loss, business and economic loss, mental and emotional distress, impairment to reputation, and personal humiliation.

WHEREFORE, Petitioner, BLISSETT, respectfully requests that the Court enter judgment for damages, including an award of attorneys' fees and costs, against Respondent, PARROTT. Petitioner hereby demands a trial by jury.

### COUNT VIII
### VIOLATION OF 42 U.S.C. §1983
### (Against Respondent DEBARY)

Petitioner, BLISSETT, adopts and re-alleges Paragraphs 1 through 32 as though fully set forth herein.

116.   This is an action against DEBARY for violation of BLISSET's Fourth Amendment right under 42 U.S.C. §1983.

117.    On or about March 24, 2015, DEBARY, acting under color of state law, illegally and unreasonably searched, seized, and released BLISSETT's emails to Mr. Harper.

118.    Each individual email located and released by DEBARY falls into one of three categories: 1. Public record; 2. Non-public record; and 3. Part public record and part non-public record.

119.    To the degree the emails are personal and non-public records as established in *State v. City of Clearwater*, 863 So.2d 149 (Fla. 2003), DEBARY improperly and unreasonably searched, seized and released the emails.

120.    To the degree the emails are in part public record and in part non-public record, DEBARY failed to redact the non-public information contained within the email.

121.    BLISSETT had a reasonable expectation of privacy in her personal e-mails or personal content contained in the e-mails.

122.    Additionally, DEBARY failed to properly train and supervise its employees regarding the scope of the disclosure required by the Public Records Law and its relation to the private rights of government employees to ensure that violations of individual constitutional rights do not occur.

123.    As a result of DEBARY's actions, BLISSETT suffered injury, including but not limited to, loss wages, monetary loss, business and economic loss, mental and emotional distress, impairment to reputation, and personal humiliation.

WHEREFORE, Petitioner, BLISSETT, respectfully requests that the Court enter judgment for damages, including an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988, against Respondent, DEBARY. Petitioner hereby demands a trial by jury.

COUNT IX
VIOLATION OF 42 U.S.C. §1983
(Against Respondent PARROTT)

Petitioner, BLISSETT, adopts and re-alleges Paragraphs 1 through 32 as though fully set forth herein.

124.    This is an action against PARROTT for violation of BLISSET's Fourth Amendment right under 42 U.S.C. §1983.

125.    On or about March 24, 2015, PARROTT, acting under color of state law, illegally and unreasonably searched, seized, and released BLISSETT's emails to Mr. Harper.

126.    Each individual email located and released by DEBARY falls into one of three categories: 1. Public record; 2. Non-public record; and 3. Part public record and part non-public record.

127.    To the degree the emails are personal and non-public records as established in *State v. City of Clearwater*, 863 So.2d 149 (Fla. 2003), DEBARY improperly and unreasonably searched, seized and released the emails.

128.    To the degree the emails are in part public record and in part non-public record, PARROTT failed to redact the non-public information contained within the email.

129.    BLISSETT had a reasonable expectation of privacy in her personal e-mails or personal content contained in the e-mails.

130.    As a result of DEBARY's actions, BLISSETT suffered injury, including but not limited to, loss wages, monetary loss, business and economic loss, mental and emotional distress, impairment to reputation, and personal humiliation.

WHEREFORE, Petitioner, BLISSETT, respectfully requests that the Court enter judgment for damages, including an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988, against Respondent, PARROTT. Petitioner hereby demands a trial by jury.

*DORAN, SIMS, WOLFE & CIOCCHETTI*

_____

Michael Ciocchetti, FBN: 672645
Carol A. Yoon, Esq., FBN: 100804
1020 West International Speedway Boulevard
Suite 100
Daytona Beach, Florida 32114
Telephone: (386) 253-1111
Facsimile: (386) 253-4260
Primary Email: mciocchetti@doranlaw.com
Secondary Email: srogers@doranlaw.com
Attorneys for Petitioner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Electronic Mail to Michael H. Bowling, Esquire, at mbowling@bellroperlaw.com and ysuedmeyer@bellroperlaw.com; this 19th day of January, 2017.

_____

Carol A. Yoon